## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JAMES GARLAND WARD, #200974796**                          **PLAINTIFF**

**v.**                                    **CIVIL NO. 1:20-cv-255-HSO-JCG**

**H. BEESLEY and**
**MIKE EZELL, Administrator**                              **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro se Plaintiff James Garland Ward ("Ward" or "Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on August 6, 2020, while he was incarcerated in the Jackson County Adult Detention Center in Pascagoula, Mississippi. *See* Compl. [1] at 2. The Complaint [1] names H. Beesley and John Doe as Defendants. *Id*.

On August 18, 2020, the Magistrate Judge entered an Order [8] directing the Clerk to issue a Notice of Lawsuit and Request to Waive Service of Summons for Defendant H. Beesley. Order [8] at 1. That Order [8] also advised Ward "that service of process will not be ordered to be issued for a 'John Doe' defendant," and directed Ward to provide the proper name and address for Defendant John Doe. *See id*. at 2. Ward filed a Response [10] on August 26, 2020, identifying Defendant John Doe as "Mike Ezell/ Administrat[or]," Pl.'s Resp. [10] at 1, and the Magistrate Judge

entered an Order [11] directing the Clerk to substitute Mike Ezell, Administrator, for Defendant John Doe, Order [11] at 1. That Order [11] also directed Ward to file a response on or before September 18, 2020, providing the Court with the street address where Defendant Ezell could be found for service of process and stating the facts upon which Ward alleges that Defendant Ezell violated his constitutional rights.   *Id.* Ward was warned that failure to comply with the Order [11] could lead to the dismissal of Defendant Ezell. *Id.* at 2. Ward did not file the required response or otherwise respond to the Order [11].

On September 1, 2020, the envelope [12] addressed to Defendant H. Beesley containing the Notice of Lawsuit and Request to Waive Service of Summons was returned to the Court by the postal service with a notation "Return to Sender, Not Deliverable as Addressed." Ret. Mail [12] at 1. The envelope [12] also had a notation reading, "No Longer Works @ This Facility." *Id.* The Magistrate Judge then entered an Order [13] on September 2, 2020, directing Ward to file a response on or before September 25, 2020, advising the Court whether he wished to continue this lawsuit against Defendant Beesley, and if so, to provide a different street address where Defendant Beesley could be served with process. Order [13] at 1-2. The Order [13] warned Ward that his failure to timely comply with the Order could result in Defendant Beesley being dismissed without prejudice.[1]  *Id.* at 2. Ward did not file

_____

[1] The envelopes containing the Orders [11], [13] entered on August 27, 2020, and September 2, 2020, respectively, have not been returned by the postal service. On October 7, 2020, a Letter [17] from Jessica Pleasant, Aramark Manager, was filed stating that "[a]s of 9/12/2020 James Garland Ward . . . is no longer at Jackson County ADC." Letter [17] at 1.

the required response or otherwise respond to the Order [13].

On December 18, 2020, the Magistrate Judge entered an Order to Show Cause [19] which required that, on or before January 8, 2021, Ward: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [11], [13]; and (2) comply with the Court's previous Orders [11], [13] by filing a written response. Order to Show Cause [19] at 2. Ward was warned that "failure to advise this Court of a change of address or failure to timely comply with any order of the Court . . . may result in the dismissal of this civil action." *Id*. The envelope [20] containing the Order to Show Cause [19] was returned by the postal service stating, "Return to Sender; Not Deliverable as Address; Unable to Forward." Ret. Mail [20] at 1. The envelope [20] also had a notation reading, "Not Here."

*Id*. Ward did not respond to the Order to Show Cause [19] or otherwise contact the Court about this case.

Since Ward is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [11], [13].

On February 2, 2021, the Court entered a Second and Final Order to Show Cause [21] which required that, on or before March 3, 2021, Ward: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [11], [13], [19]; and (2) comply with the Court's previous Orders [11], [13], [19] by filing the required response. Second and

Final Order to Show Cause [21] at 2-3. Ward was again warned that "failure to timely comply with the Order of the Court or failure to advise the Court of a change of address . . . *will result* in this cause being dismissed without prejudice and *without* further notice to Plaintiff." *Id.* at 3. The envelope [22] containing the Second and Final Order to Show Cause [21] was returned by the postal service stating, "Return to Sender, Unable to Forward." Ret. Mail [22] at 1. The envelope [22] also bore a notation reading, "No Longer Here UTF." *Id.* Ward did not respond to the Second and Final Order to Show Cause [21] or otherwise contact the Court about his case, and Ward has taken no action in the case since September 10, 2020.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *See Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 631.

Ward did not comply with four Court Orders or supply the Court with a current address after being warned seven times that failing to do so would result in

the dismissal of his lawsuit. *See* Second and Final Order to Show Cause [21] at 3;
Order to Show Cause [19] at 2; Order [8] at 2; Order Setting Payment Schedule [7]
at 2; Order [4] at 2; Order [3] at 2; Notice of Assignment [1-3] at 1. Despite these
warnings, Ward has not contacted the Court since September 10, 2020, when he
filed his Motion for Subpoenas [14]. Such inaction represents a clear record of delay
or contumacious conduct, and it is apparent that Ward no longer wishes to pursue
this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not
prompted "diligent prosecution" but instead such efforts have proven futile. *See
Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI–
CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Dismissal without prejudice is
warranted.

### III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action
is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the
Court's Orders. A separate final judgment will enter pursuant to Federal Rule of
Civil Procedure 58.

**SO ORDERED**, this the 29th day of March, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE